UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD DALE COLLINS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )    Case No. 4:15-CV-00743-AGF |
| | ) |
| VEOLIA ES INDUSTRIAL SERVICES, INC., | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the parties' joint motion (Doc. No. 35) to approve the settlement of Plaintiffs' individual Fair Labor Standards Act ("FLSA") claims. In addition to the settlement agreement and upon request of the Court, the parties have submitted information under seal from which the Court can assess the fairness of the proposed settlement and the attorneys' fees requested. For the reasons set forth below, the motion to approve the settlement shall be granted.

## BACKGROUND

Plaintiffs Arnold Dale Collins and Mark Neidert assert FLSA claims[1] to recover for unpaid travel time to and from their assigned work site in the course of their employment with Defendant Veolia ES Industrial Services, Inc., an environmental and industrial services corporation. The FLSA claims request collection of unpaid wages

---

[1] Plaintiffs originally also asserted common law claims for breach of contract, quantum meruit, and unjust enrichment, but the Court granted Defendant's motion to dismiss these claims.

dating back to March 27, 2012, three years prior to the filing of the complaint. However, Plaintiffs acknowledge that Defendant began compensating them for travel time in March 2013, so Plaintiffs' recovery would be limited to approximately one year of unpaid wages. Defendant denies any liability for the unpaid travel time alleged. The parties have now reached a private settlement, which provides for separate payments to each Plaintiff and an award of attorneys' fees to Plaintiffs' counsel.

## **DISCUSSION**

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Constr., LLC*, No. 4:14–CV–1828 (CEJ), 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (citing cases). In *Copeland v. ABB, Inc.*, the Eighth Circuit held that "FLSA rights are statutory and cannot be waived," and that "[t]here are only two statutory exceptions to this general rule": (1) "an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full"; and (2) "if an employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment, it will have res judicata effect on any subsequent claim for damages." 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). But neither this case nor the cases cited therein inform the Court whether it must evaluate and approve a private FLSA settlement, or whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement. *See Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131 (D.D.C. 2014) (discussing *Lynn's Food* and its progeny and finding

that the issues addressed therein—whether an FLSA settlement is legally enforceable—"is distinct from whether a court must—or should—evaluate such a proposed settlement ex ante," and noting that "no binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements ex ante").

Nevertheless, because the parties have mutually sought judicial approval of their proposed settlement, and because declining to review the settlement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *See King*, 2015 WL 631253, at *2 (reviewing settlement's FLSA-related terms, notwithstanding lack of clear requirement to do so); *Carrillo*, 51 F. Supp. 3d at 131 (same).

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Mkt. Place Investors, L.L.C.*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014). Among the factors the court may consider in evaluating the settlement's fairness are "the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery." *Id.*

Normally, the Court must also assess the reasonableness of the plaintiffs' attorneys' fees. *Williams*, 2014 WL 5017934, at *2. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for

the clients." *King*, 2015 WL 631253, at *3 (citation omitted). "In a private FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees." *Id.* (citation omitted); *see also Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) ("In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.").

In this case, the Court finds that the proposed settlement is fair and reasonable to all parties. The settlement is the product of a bona fide dispute between the parties, and was reached after an arm's length negotiation by counsel. The settlement agreements provide for payment of unpaid wages to each Plaintiff in an amount representing approximately 80% of each Plaintiff's maximum alleged damages, which the Court finds to be fair and reasonable.

The Court also finds that the requested attorneys' fees are reasonable. Plaintiffs' counsel submitted a memorandum describing counsel's fee agreements with Plaintiffs and noting that the amount of fees requested is less than the total amount permitted by the agreements. The Court finds that amount of attorneys' fees requested by Plaintiffs' counsel is in accordance with counsel's fee agreements and is reasonable, based on the amount of time and effort expended on this case.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion to approve settlement is **GRANTED**. (Doc. No. 35.)

**IT IS FURTHER ORDERED** that within **seven (7) days** of the date of this Order, the parties shall file dismissal papers dismissing the case. Failure to comply may result in the dismissal of the case by the Court.

                                                  /s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2016.